### TOWN OF LEMINGTON *v.* ANDREW BLODGETT.

*Pleadings. Towns. Intoxicating Liquor.*

Assumpsit in the general counts is the appropriate form of action for a town, as well as an individual, to recover for money which the defendant improperly withholds.

Money received by the town liquor agent for the liquors legally sold by him as such agent, is presumed to be the money of the town.

The fact that the agent, by agreement with the selectmen, advanced the money for the purchase of the liquors at a specified rate of interest, would not rebut that presumption.

ASSUMPSIT in the general counts. Plea, the general issue. Trial by jury, September Term, 1863, POLAND, Ch. J., presiding.

The plaintiffs' evidence tended to prove that the defendant was duly appointed agent of the town of Lemington for the sale of spirituous liquors, from the first Monday in May, 1861, to the first Monday in May, 1862. The selectmen of the town made a contract with him by which he was to advance all money necessary for the purchase of liquors, and was to be paid 12 per cent. interest thereon from the time of the purchase of each bill of liquors till the whole of each bill should be sold, and he was to account to the town for the profits on the sales of liquors, and to receive twenty-five dollars for his services. The selectmen examined the defendant's account in May, 1862, and claimed that there was a greater sum in the defendant's hands for which he should account than appeared upon his accounts, but the defendant denied this and refused to account for more. The defendant soon after paid into the town treasury the sum of $21.83, which was the amount his accounts showed was due.

The defendant's counsel claimed that this form of action was inappropriate and improper to enable the plaintiffs to recover for the claim set up, even if made out by the proof. But the court overruled the objection,—to which the defendant excepted.

The case was submitted to the jury under a charge not objected to, except as to the form of action, and the jury gave a verdict for the plaintiffs.

*W. S. Ladd*, for the defendant.

1. The plaintiffs cannot recover, because assumpsit is not the proper remedy against a public officer acting ministerially, for malfeasance in office.

2. They cannot recover by virtue of the statute, (1,) because there was in fact (as the case shows) no legal obligation to support an implied promise; (2,) because the declaration is defective in not alleging a consideration upon which to found an implied promise. *Streeter* v. *Sumner*, 19 N. H. 518; *Sanborn* v. *Emerson*, 12 N. H. 62; *Colburn* v. *Pomeroy*, 44 N. H. 19, and cases there cited; *Bath* v. *Freeport*, 5 Mass. 325; *Wrentham* v. *Attleborough*, *ib.* 430; *Londonderry* v. *Windham*, 2 Vt. 149.

3. They cannot recover on the contract reported in the case; (1,) because the town as a corporation created by statute had no legal power to make such a contract, and hence could not be made a party to it by any act of the selectmen; (2,) because the contract was *illegal.*

*Ira A. Ramsey*, for the plaintiffs, cited *Thompson* v. *Babcock*, Brayt.; 2 Chitty on Contracts, 535; also, 536 note; *Phelps, Dodge & Co.* v. *C. B. Conant & Co.*, 30 Vt. 277.

Barrett, J. This is assumpsit in the general counts. The claim of the town was for money, to which it was entitled, in the hands of the defendant, as agent under the statute to prevent the traffic in intoxicating liquors. The fact of such agency was shown, and that the defendant for the year prior to May, 1862, had acted as such agent in the sale of liquors for the purposes prescribed and allowed by the statute. No question seems to have been made in the county court but that the evidence tended to show that the plaintiffs had a lawful claim against the defendant for such money; but it was objected that "this form of action was inappropriate and improper to

Lemington *v.* Blodgett.

enable the plaintiff to recover for the claim set up, even if made out by the proof." This objection raises the only question presented by the bill of exceptions ; for the bill states that " the case was submitted to the jury under a charge not objected to, except as to the form of action, and the jury gave a verdict for the plaintiff."

The main reason urged in support of this objection, is that the declaration should, in a case like the present, set forth specially the facts, out of which the defendant's liability arises ; and several cases are cited, in which, in suits *against* towns, to recover upon liabilities to which they are subjected by special provisions of statute, it has been held that such special mode of declaring is necessary.

The reason for the rule in such cases is quite obvious, and is peculiar to the character of the defendant in those cases, and to the relation that the parties sustain to each other under the statute, in respect to the subject matter of the claim in suit. But that reason does not exist in the present case. A town, as well as an individual, may own property and money, and may have the same right in respect thereto ; and, as between the town and an individual who has had to do with the property or the money of the town, we know of no rule or case requiring any different form of action in behalf of the town against such individual for a trespass upon, or injury to, or a conversion of the property, or for the improper withholding of the money of the town, from what would be proper between two individuals.

It is very familiar law that the action for money had and received is an appropriate form to recover for money belonging to the plaintiff, which the defendant holds without right, and against equity and good conscience.

It remains then only to be considered whether the evidence tended to show whether the defendant thus held money belonging to the plaintiff.

In the first place it is to be remarked, that the statute obviously contemplates that the money received by the agent, for liquors sold by him as such agent, and in the exercise of the office with which he is invested under the law, is the money of the town. The provision is explicit, and peremptory, and exclusive, that it shall be paid

over to the treasury of the town.    The primary presumption would be, therefore, from the fact of receiving money for liquors sold by the agent, that it belonged to the town; and in order to rebut and overcome such presumption, it would require a showing of a state of facts which would invest the agent with the title and property in the liquor, in his own personal right, and not by virtue of his office as such agent.  We think even if the evidence tended to show such a state of facts, it, at the same time, tended to show that, in point of fact, as between him and the town, the liquor in his hands as such agent, under the arrangement with him by the selectmen, for the procuring thereof, was the property of the town, and therefore held by him in conformity with the provisions of the law.

The arrangement for him to advance the money for the purchase of the liquors necessary for his agency, at an interest of twelve per cent., was consistent with, and might constitute a mere loan of the money to the town, depending on the facts and circumstances from which the intent of the parties was to be deduced.    If it was, as between the parties, such a loan, then of course the title to the property purchased with it would not accrue to the defendant, any more than if the money had been derived by the town from any other source, or the liquor had been purchased on the credit of the town.

As the case was submitted to the jury under a charge that was satisfactory, it is to be taken that all questions arising upon the evidence were submitted under that charge, and the verdict thereupon rendered would be conclusive as to all such questions.

This being so, nothing seems to stand in the way of a recovery by the town in this form of action.

Judgment affirmed.